**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0402-19T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS D. RIVERA,

     Defendant-Appellant.

_____

Submitted November 2, 2020 – Decided November 30, 2020

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 11-02-0208 and 11-02-0225.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Eric M. Snyder, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Rivera appeals the July 2, 2019 order denying his post-conviction relief (PCR) petition. For reasons that follow, we affirm.

In July 2010, defendant robbed a furniture store where he previously was employed. Defendant was armed with a handgun, pointed it at the manager and demanded money. The manager complied, giving him money from the company safe. The gun discharged at some point, wounding an employee. Defendant fled the store. In a nearby apartment complex, he unsuccessfully attempted to carjack a vehicle. He returned to the furniture store parking lot, where a security guard asked if he needed help. Defendant pushed the security guard out of the way, and fled in her vehicle to Connecticut where he was apprehended.

Defendant pleaded guilty under indictment 11-02-0208 to first-degree armed robbery, N.J.S.A. 2C:15-1 (count one); second-degree robbery, N.J.S.A. 2C:15-1 (count three); first-degree carjacking, N.J.S.A. 2C:15-2 (count five); and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4). The same day, he pleaded guilty under indictment 11-02-0225 to second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(a).

Defendant was sentenced to an aggregate term of twenty-five years of incarceration subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 as follows: on count one, a ten-year term subject to NERA; on count three, a

five-year term subject to NERA; on count five, a ten-year term subject to NERA; on count ten, a Graves Act violation, an eighteen-month term subject to an eighteen-month period of parole ineligibility. Counts one, three and five are consecutive to each other. Count ten is concurrent to the others. There are required periods of parole supervision. On the certain persons offense, defendant was sentenced to a term of five-years with a five-year period of parole ineligibility concurrent to the other counts. The judgment of conviction was entered on October 3, 2012 and amended on March 20, 2013.

We heard defendant's appeal of his sentence on the Excessive Sentencing Oral Argument Calendar, affirming it on August 28, 2013. The Supreme Court denied his petition for certification. State v. Rivera, 217 N.J. 296 (2014).

Defendant filed a PCR petition on April 15, 2016, in which he argued that due process and fundamental fairness were violated when the court did not enforce the State's initial plea offer of fifteen years of incarceration because he alleged he had accepted it. He claimed he was sentenced to an illegal term of parole supervision, that his PCR petition was not time-barred and that an evidentiary hearing was required. Defendant argued his appeal counsel was ineffective by not raising these arguments. On January 18, 2017, defendant

A-0402-19T3

withdrew his PCR petition. The court ordered it was withdrawn without prejudice "as defined by R[ule] 3:22-12(a)(4)."

On August 31, 2018, defendant filed a motion for PCR relief. In his supporting certification and petition, he alleged he entered into a negotiated plea with the State for a fifteen-year term subject to NERA, but prior to trial, another prosecutor took over the case and revoked the negotiated plea, requiring a thirty-year term subject to NERA. Defendant claimed his counsel did not object or request enforcement. He argued his "reasonable expectations" should have been enforced, he was not advised he could appeal, and all this deprived him of due process. He requested an evidentiary hearing.

An amended PCR petition was filed by assigned counsel. He claimed trial counsel failed to file a motion to dismiss the charges based on speedy trial protections. Trial counsel allegedly "failed to accept the State's [fifteen] year plea offer conditioned on [defendant's] cooperation, despite knowing that the offer was acceptable to [defendant]." Defendant asserted prejudice. He argued that defendant's appeal counsel was ineffective for not raising the speedy trial issue.

The PCR court denied the petition on July 2, 2019. In its oral opinion, the court found the PCR petition was untimely pursuant to Rule 3:22-12(a)(4). On

4

the merits, the PCR court found defendant failed to satisfy either prong under Strickland v. Washington, 466 U.S. 668 (1984), and that an evidentiary hearing was not warranted.

Defendant presents the following issues for our consideration in his appeal.

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications for Post-Conviction Relief.

(B) Trial Counsel was Ineffective for Failing to Promptly Accept A Favorable Plea Offer on Defendant's Behalf.

(C) Trial Counsel Was Ineffective for Failing to Pursue Defendant's Speedy Trial Rights.

POINT II

THE PCR COURT ERRED IN FINDING THAT THE PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED.

(A) Legal Standards Governing PCR Procedural Bars.

(B) Defendant's Petition for Post-Conviction Relief is not Procedurally Barred.

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B) Petitioner is Entitled to an Evidentiary Hearing.

The Rules provide that a first petition for PCR shall be filed no more than "[five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction" unless the delay "was due to defendant's excusable neglect and that there is a reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A). Defendant timely filed his PCR petition on May 16, 2016 because it was within five years of the judgment of conviction on October 2, 2012. However, he withdrew it on January 18, 2017, and then refiled it on August 31, 2018, which was more than five years from the October 2, 2012 judgment of conviction. Even if we counted from the amended judgment entered on March 20, 2013, the petition is untimely.

The Rules provide that a PCR petition that is dismissed without prejudice as "not cognizable under R. 3:22-2 or for failing to meet the requirements of R.

A-0402-19T3

3:22-8" is to be treated as a first PCR petition and must be "refiled within [ninety] days after the date of dismissal, or within five years after the date of the entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged." R. 3:22-12(a)(4).

We agree with the PCR court that the 2018 PCR petition was untimely filed under Rule 3:22-12(a)(4). The PCR petition filed on August 31, 2018 was not filed within ninety days from the judgment of conviction or the amended judgment, or within five years from those dates. Therefore, it is barred, having been filed out of time.

Defendant argues his PCR petition should not be time-barred because it was withdrawn without prejudice—rather than dismissed. He contends Rule 3:22-12(a)(4) does not apply to a withdrawal. The Rules give no indication that a withdrawal should be treated differently from a dismissal without prejudice. Defendant cites no authority for this novel argument. The result of adopting defendant's argument would be that a PCR petition could be revived at any time as long as it once was timely filed and withdrawn. That is not consistent with Rule 3:22-12(b), which provides the "time limits shall not be relaxed, except as provided herein." R. 3:22-12(b). Defendant does not argue that his delay in filing was due to excusable neglect or any other basis for relief from the strict

A-0402-19T3

time limits for a first PCR petition. We agree with the PCR court that defendant's PCR petition was filed out of time under Rule 3:22-12.

On the merits of defendant's PCR petition, we agree with the PCR court that defendant did not make a prima facie showing of ineffective assistance of trial or appellate counsel, and that an evidentiary hearing was not warranted.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 668, and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (1987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial,'" State v. Gaitan, 209 N.J.

A-0402-19T3

339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Defendant argues his trial counsel provided ineffective assistance by not promptly accepting the initial plea offer, which was a fifteen-year term subject to NERA. The record does not support this.

Shortly after defendant was indicted on February 8, 2011, a plea offer was tendered by the prosecutor to resolve both indictments for a fifteen-year term subject to NERA, but at the March 17, 2011 arraignment, defense counsel asked for a status conference so he could review discovery with his client. On April 25, 2011, at a status conference where defendant was present, defense counsel asked for an adjournment because there was the possibility of defendant's cooperation regarding an unindicted co-conspirator and he wanted the opportunity to work out something better for his client. The assistant prosecutor who was present indicated the plea offer was "low" because the allegations involved the discharge of a weapon during a robbery where a victim was shot, an attempted carjacking and another completed carjacking. He indicated the

senior prosecutor believed the offer was too lenient and suggested jumping on the offer "quickly."

At the conference on May 17, 2011, with defendant present, defense counsel asked for more time. On June 10, 2011, defendant signed the initial plea form, which had offered fifteen years subject to NERA, but the prosecutor made clear any plea had to involve cooperation by giving a statement against the unindicted co-conspirator. This was not included in the initial plea form. On June 17, 2011, the prosecutor sent a letter to defense counsel confirming he orally revoked the plea offer and it now was thirty years in prison subject to NERA. Defense counsel advised the court at the June 27, 2011 conference that he intended to file a motion to enforce the initial plea offer. After that, defense counsel asked to adjourn conferences in October and December 2011.

Defendant's motion to enforce the initial plea offer was heard on March 8, 2012 and denied because the trial court found it had been revoked by the prosecutor. Defendant pleaded guilty on May 22, 2012. In July 2012, defendant filed a motion to withdraw his guilty plea claiming he had a colorable claim of innocence. The trial court offered defendant additional time to obtain evidence supporting his claim, but on July 30, 2012, defendant advised he wanted to proceed with sentencing. He was sentenced on October 2, 2012.

A-0402-19T3

"[P]lea bargaining 'enables a defendant to reduce his penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be punished and that scarce and vital judicial and prosecutorial resources will be conserved through a speedy resolution of the controversy.'" State v. Means, 191 N.J. 610, 618 (2007) (quoting State v. Taylor, 80 N.J. 353, 361 (1979)). "[O]nce an agreement is reached and the defendant pleads guilty, '[d]ue process concerns . . . inhibit the ability of the prosecutor to withdraw from a guilty plea.'" Ibid. (quoting State v. Warren, 115 N.J. 433, 445 (1989)). However, "[e]ven when defendant and the State agree upon a plea agreement, the agreement is executory in nature and dependent on the court's approval." State v. Williams, 277 N.J. Super. 40, 47 (App. Div. 1994).

Defendant is not arguing the prosecutor did not have the ability to withdraw the plea offer; he is arguing his counsel's performance fell below objective standards by not quickly accepting the plea at the outset of the case. We agree with the PCR court that the record does not support this claim.

It is clear that defense counsel was trying to negotiate a better plea offer and, despite defendant's current claim he would have accepted fifteen years with conditions, that was not his position in 2011. He did not accept that offer because on June 10, 2011, he signed the original plea offer. He tried to negotiate

11

fewer years with conditions and then tried to enforce the fifteen-year offer without any conditions. Moreover, defendant was with his counsel in court and could have accepted the plea at any time should that have been his choice. See McCoy. v. Louisiana, 138 S. Ct. 1500, 1508 (2018) (supporting the principle that it is the defendant who accepts or rejects a plea).

The case of Missouri v. Frye, 566 U.S. 134, 145 (2012), cited by defendant, is distinguishable. In that case, defense counsel did not timely convey a favorable plea offer to the defendant. Id. at 139. That is not the case here. Defendant was in court during the relevant proceedings. He has not alleged that he urged his counsel to accept the plea during any of these proceedings.

In Frye, the Supreme Court concluded that

> where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, Strickland's inquiry into whether "the result of the proceeding would have been different," . . . requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.
>
> [Id. at 148.]

A-0402-19T3

Here, defendant indicates he would have accepted the plea but on June 10, 2011, he "accepted" what was no longer the offer and in doing so rejected what the State was offering. The transcripts do not support that he accepted what was the current offer at any point along the way. Thus, defendant has not shown that the second part of Strickland was met.

Defendant argues his counsel provided ineffective assistance because he did not seek relief under the speedy trial protections. When evaluating a speedy trial claim, a court must review and balance the four factors identified in Barker v. Wingo, 407 U.S. 514, 530 (1972). These include (1) length of delay, (2) reasons for delay, (3) assertion of a speedy trial claim, and (4) prejudice to the defendant. Ibid.; see State v. Szima, 70 N.J. 196, 201 (1976) (adopting the standard from Barker). Any delay caused or requested by the defendant "would not weigh in favor of finding a speedy trial violation." State v. Gallegan, 117 N.J. 345, 355 (1989).

We agree with the PCR court that on this record, counsel's performance was not deficient by not filing a motion for a speedy trial. There is no indication defendant wanted a trial. Defendant asked for the adjournments, not the State. There is no indication he was prejudiced by delay by the State. Had he asserted his right to a speedy trial, it is not clear that negotiations would have continued.

A-0402-19T3

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial or appellate counsel within the <u>Strickland-Fritz</u> test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See <u>State v. Preciose</u>, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0402-19T3